UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILL HAYWOOD,

        Plaintiff,

v.                                           Case No. 19-cv-1101-pp

CHEF STREEKSTRA,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION TO ADD PARTIES (DKT. NO. 8), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

Plaintiff Will Haywood, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and his motion to add parties, dkt. no. 8, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On August 13, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $20.40. Dkt. No. 7. A little more than a week later, the court received a payment of $50 toward the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Motion to Add Parties (Dkt. No. 8)

Nearly a month after the plaintiff filed his complaint, he filed a motion to add parties. Dkt. No. 8. He would like to add "the food services administrator Ms. Wilson[,] the security director Mr. Meli[,] the security supervisor Mr. Lt. Immerfall and the warden" as defendants. Id. The plaintiff explains that defendant Streekstra works for Wilson, and Immerfall works for Meli, who works for the warden. Id. The plaintiff asserts that "there are a level of chain that [he] need[s] to take." Id.

The plaintiff has explained that he wants to add these individuals as defendants because they are supervisors. The fact that they are supervisors, on its own, is not enough for the plaintiff to state a claim against them under §1983. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. Colbert v. City of Chi., 851 F.3d 649, 657 (7th Cir. 2017) (citations omitted). The only time a supervisor is liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). For example, the supervisor "must know about the [supervisee's] conduct and

2

facilitate it, approve it, condone it, or turn a blind eye" for fear of what the supervisor might see. Id. (quoting Jones v. City of Chi., 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." Jones, 856 F.2d at 992.

The court will deny the plaintiff's motion to add these defendants.

## III. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of that right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on June 5, 2019, after he was done working, he was walking to the dining hall window to get a tray of food to eat. Dkt. No. 1 at 2. According to the plaintiff, Chef Streekstra saw a tray on the side of the window and asked him to get it. Id. The plaintiff asserts that he let Streekstra see the tray and told her that "someone play in it . . . 'Taking some thing from it.'" Id. The complaint then says, "'put the tray in the window' to throw the tray away." Id. at 2-3.

The defendant allegedly responded, "Give me the mother fucker tray," to which the plaintiff responded, "Ask me nicely." Id. at 3. According to the plaintiff, he then gave the tray to the defendant. Id. As he was waiting for a new

4

tray, the defendant allegedly "shoved the tray out the window" so fast that it hurt his "right hand 4 fingers." Id. The plaintiff asserts that he went to health services. Id.

The plaintiff also alleges that the defendant discriminated against him because he is gay and black. Id. He alleges that on April 27, 2019, he asked the defendant if he could help another inmate with the pots and pans because the plaintiff was done with his job. Id. The defendant allegedly responded, "You two need space." Id. The plaintiff asked her what she was talking about, and the defendant told him, "everybody know[s] you are with him." Id. The plaintiff responded that he was not, and explained that he told the defendant that the other inmate was his best friend and just because he was around him and just because he is gay doesn't mean he is with him or anybody else. Id. at 3-4. The defendant allegedly retorted, "What ever [sic] you two need space." Id. The plaintiff asserts that he told the defendant that it was his right to talk to or be friends with whomever he wants and that "this need[s] to stop[;] that's discrimination." Id. at 4. The defendant allegedly said, "What ever [sic] you two need space and that's that." Id.

The plaintiff seeks either $250 or $250,000—it isn't clear whether the punctuation is a dot or a comma—and wants the defendant removed from working for the Department of Corrections. Id. at 5.

C. Analysis

The plaintiff's allegations that the defendant forcefully pushed a tray toward him through the food service window appears to be a claim that the

5

defendant subjected him to cruel and unusual punishment through the use of excessive force in violation of the Eighth Amendment. "The Cruel and Unusual Punishments Clause of the Eighth Amendment prohibits the 'unnecessary and wanton infliction of pain' on prisoners." DeWalt v. Carter, 224 F.3d 607, 619 (7th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992); Estelle v. Gamble, 429 U.S. 97, 102-03 (1976)). "What constitutes an 'unnecessary and wanton infliction of pain,' however, varies according to the nature of the alleged constitutional violation." Id. "In excessive force cases, 'the core judicial inquiry' is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. The Supreme Court instructed trial courts to consider several factors, "including the need for application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner." Id. Regarding the last factor—the extent of the injury—the Court held that "while significant injury is not required, a claim ordinarily cannot be predicated upon a de minimis use of physical force." Id. "Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights." Id.

In DeWalt, the Seventh Circuit analyzed allegations similar to the plaintiff's, and found that the plaintiff in that case failed to state a claim. In DeWalt, an officer and an inmate exchanged words, and as the inmate was walking out of the room, the officer shoved the inmate into the door frame,

6

resulting in some bruising to the inmate. Id. at 610-11. The Seventh Circuit concluded that "the simple act of shoving [the inmate] qualifies as the kind of de minimis use of force that does not constitute cruel and unusual punishment." Id.

The defendant in this cause allegedly used less force than that used by the officer in DeWalt. The plaintiff alleges that, after he and the defendant had a brief exchange of words, she shoved a tray in his direction, which resulted in some unspecified injury to his fingers. The plaintiff does not allege that the injury was serious—he does not allege that his fingers were broken, or sprained, or even bruised. He says that he went to health services but does not explain whether he received treatment or a diagnosis. While the court does not condone prison officials using unjustified force against inmates, the plaintiff's allegations about the defendant's "use of force against him fall short of what is required to state a claim for excessive force under the Eighth Amendment." Id.

The plaintiff also fails to state a claim against the defendant based on his allegations that she told him that he and another inmate "need space." Even assuming the defendant was verbally harassing the plaintiff because he is gay, the Seventh Circuit has explained that, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." Id. at 612. Again, while the court does not condone the use of derogatory language, an official's use of such language, without more, does not violate the Constitution. See id.

7

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion to add parties. Dkt. No. 8.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $300 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 16th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**